IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 6:17-cr-238-Orl-41EJK

NELSON PABLO YESTER-GARRIDO,

    Defendant.
_____/

**MOTION *IN LIMINE* OBJECTING TO THE GOVERNMENT INTRODUCING EVIDENCE OF ALLEGED OTHER CRIMES, WRONGS OR ACTS AND PURPORTED INEXTRICABLY INTERTWINED CONDUCT**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 103(d), 403 and 404(b) of the Federal Rules of Evidence, Nelson Pablo Yester-Garrido, through counsel, files this Motion in *Limine* seeking to preclude the Government from introducing inadmissible evidence of alleged other crimes, wrongs, or acts in their case-in-chief, as well as such acts that are alleged to be inextricably intertwined. In support of this motion, Mr. Yester-Garrido states:

1. Mr. Yester-Garrido faces a two count indictment that charges him with conspiracy to distribute over 1000 kilograms of marijuana (§ 21 U.S.C. 846) and a violation of 18 U.S.C. § 924(c)(1)(A)(i) in furtherance of that conspiracy. Doc. 6.

2. On July 26, 2019, the government submitted its initial discovery. In a cover letter, the Government provided its "Rule 404(b) Disclosure" stating it intends to offer the following evidence:

Please be advised that the United States may seek to introduce evidence concerning, *inter alia*, other instances in which the Defendant conspired to possess with the intent to distribute a controlled substance, or possessed with the intent to distribute or distributed any controlled substance, whether or not those instances resulted in criminal prosecution, as evidence for any reason permissible under Rule 404(b), including as evidence of lack of mistake, intent, motive, and opportunity.

In addition, the United States may also seek to introduce evidence concerning*, inter alia*, other instances in which the Defendants obtained and possessed firearms, including instances where the Defendants possessed firearms in furtherance of a drug trafficking crime, whether or not those instances resulted in criminal prosecution, as evidence for any reason permissible under Rule 404(b), including as evidence of lack of mistake, intent, motive, and opportunity. Specifically, in regard to both the drug and firearm charges in this case, the government intends to enter into evidence all information related to the defendant's indictment in the Southern District of Florida in 1997 ("1997 Indictment"). See Case NO. 97-cr-054. Please note that that several boxes from the USAO in Miami are available for your inspection/review within the USAO in Orlando. These boxes contain additional information related to the 1997 Indictment. All other information which the government intends to introduce to evidence regarding the 1997 Indictment is available on USA/FX. In addition, the government intends to introduce all statements made by the defendant in the Showtime documentary *Operation Odessa*, including calling all relevant film crew. These items are responsive to the CS0(1)(D) and (I).

Although it has provided this notice, the United States reserves its right to argue that the evidence described is not governed by Rule 404(b) and that it is admissible without having to satisfy the requirements provided by that Rule. *See United States v. Weeks*, 716 F.2d 830, 832 (11th Cit. 1983) (per curiam) (noting that "[e]vidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime of trial" (citations omitted)).

**Discovery Cover letter of July 26, 2019**, Ex. 1.

## MEMORANDUM OF LAW

### The "other crimes, wrongs, or acts" evidence is inadmissible.

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  The test for whether evidence is relevant is found in Fed. R. Evid. 401, which says, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Congress has recognized the need to allow relevant prior acts to come before a jury in limited circumstances. *E.g.*, Fed. R. Evid. 404(b).  But "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Evidence of past conduct may be admissible, however, for another purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  However, when the evidence's probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, the court may exclude relevant evidence.  Fed. R. Evid. 403.

The Eleventh Circuit applies a three pronged test to determine whether courts should admit evidence under Rule 404(b), first announced in the seminal case of *United States v. Beechum*, 582 F.2d 898, 903 n. 1 (5th Cir.1978) (*en banc*):

> *Beechum*, as expounded upon in *United States v. Miller*, 959 F.2d 1535 (11th Cir.) (*en banc*), *cert. denied*, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992), establishes a three-part test to evaluate the admissibility of Rule 404(b) evidence: First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be

3

>  substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Delgado*, 56 F. 3d 1357, 1365 (11th Cir.1995). The Government's proposed "other crimes, wrongs or acts" evidence is extensive, and meets none of the testing tines sufficiently to render it admissible. The law could not be clearer on this issue: "Evidence of extrinsic offenses is inadmissible solely to demonstrate the criminal disposition of an accused to support the inference that he committed the crime with which he is charged. *Michelson v. United States*, 335 U.S. 469, 475-76, 69 S.Ct. 213, 218, 93 L.Ed. 168 (1948)." *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982). By way of explanation:

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. Not that the law invests the defendant with a presumption of good character, * * *, but it simply closes the whole matter of character, disposition and reputation on the prosecution's case-in-chief. The State may not show defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character evidence is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that is disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.

*Michelson v. United States*, 335 U.S. 469, 475-577, 69 S.Ct. 213, 218-219, 93 L.Ed. 168 (1948)(citation and footnotes omitted).

These alleged incidents occurred many years ago. "In determining whether evidence is probative of a defendant's intent, a district court should consider the amount of time separating

the extrinsic and charged offenses, as temporal remoteness depreciates the probative value of the extrinsic evidence. *See United States v. Beechum*, 582 F.2d 898, 915 (5th Cir.1978) (*en banc*)." *United States v. Syed*, 616 Fed.Appx. 973, 980 (11th Cir. 2015). While there is broad discretion in determining whether a prior offense is too remote to be probative, the Eleventh Circuit has cited cases concluding a ten-year gap was too long. *See, e.g., United States v. Pollock*, 926 F.2d 1044, 1047–48 (11th Cir.1991).

Here, the Government is not attempting to use the 404(b) evidence against Mr. Yester-Garrido for the purpose to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Therefore, the only value of the 404(b) evidence is to prove propensity or a criminal disposition in violation of Rule 404(b). The Eleventh Circuit held in a similar case that such a purpose is impermissible. *U.S. v. Hubert*, 138 F.3d 912 (11th Cir. 1998). In the *Hubert* case, the Government claimed that the Defendant's extensive history of dealing drugs with a testifying co-defendant was necessary to explain the circumstances of the charged crimes and the relationship he had with the Defendant. *Id*. at 914. Hubert countered that there was no dispute that he and his testifying co-defendant had known each other since childhood and was only used to try and prove he had a criminal character or propensity to commit the drug crimes charged. *Id.* The Eleventh Circuit found error—and that the drug dealing from twenty years was not relevant to the current charges and was therefore only admitted to demonstrate propensity. *Id.*

**The probative value of the evidence does not substantially outweigh its undue prejudice, and the evidence does not meet the other requirements of Rule 403.**

Of course, evidence that is not relevant is simply inadmissible as a matter of law. Fed. R. Evid. 402. While the Courts recognize the exclusion of relevant evidence is a remedy to be

5

invoked sparingly, assuming that a prior bad act is relevant to the case at hand, "[i]f the extrinsic offenses are of such a heinous nature that they are likely to sway the jury irrevocably to a decision of guilt, then they must be excluded under rule 403. *United States v. Eirin*, 778 F.2d 722, 732 (11th Cir.1985)." *United States v. Williams*, 816 F.2d 1527, 1531 (11th Cir. 1987). Further, the admissibility of the extrinsic evidence concerning each alleged incident must be determined individually. *E.g., United States v. Dothard*, 666 F.2d 498, 503 (11th Cir. 1982) ("Even had the extrinsic evidence survived the first test, however, it failed to overcome the second obstacle. The temporal remoteness of the extrinsic act depleted this evidence of any force of probity whatsoever."). The standards and analysis to use in considering whether extrinsic evidence as to each "bad act" can properly admitted are as follows:

> Under Rule 403, we view the "evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Edouard*, 485 F.3d 1324, 1344 n. 8 (11th Cir.2007). Whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends on the circumstances of the prior act. *United States v. Dorsey*, 819 F.2d 1055, 1061 (11th Cir.1987). Relevant factors to this inquiry include: (1) "the strength of the government's case on the issue of intent," (2) "the overall similarity of the extrinsic and charged [acts]," (3) the closeness in time between the extrinsic and charged acts, and (4) "whether it appeared at the commencement of trial that the defendant would contest the issue of intent." *Id*. Finally, whether testimony regarding the prior act is likely to incite the jury to an irrational decision is also relevant to the Rule 403 analysis. *See United States v. Pepe*, 747 F.2d 632, 671 (11th Cir.1984). Limiting instructions may mitigate any prejudicial effect caused by introducing prior act evidence. *See United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir.2003).

*United States. v. Aliaga*, 617 Fed.Appx. 971, 974 (11th Cir. 2015).

## REQUEST FOR A HEARING

Mr. Yester-Garrido requests an evidentiary hearing on this motion.

## CONCLUSION

Mr. Yester-Garrido requests this Court to exclude the evidence described above. Counsel for Mr. Yester-Garrido certifies they have conferred with the Government, which opposes the relief sought in this Motion. Thus, counsel has been unable to resolve this motion by agreement.

**WHEREFORE**, Mr. Yester-Garrido requests this Honorable Court grant this Motion in *Limine* precluding the government from introducing the aforementioned evidence.

Respectfully submitted this 16th day of December 2019.

    Donna L. Elm
    Federal Defender

    */s/ D. Todd Doss*
    D. Todd Doss
    Assistant Federal Defender
    Florida Bar #0910384
    201 S. Orange Avenue, Suite 300
    Telephone: (407) 648-6338
    Fax: (407) 648-6095
    E-mail:  Todd_Doss@fd.org
    Attorney for Defendant

    */s/ Nicole Mouakar*
    Nicole Mouakar
    Assistant Federal Defender
    Florida Bar No. 0074389
    201 S. Orange Avenue, Suite 300
    Orlando, Florida 32801
    Telephone: (407) 648-6338
    Fax: 407 648-6095
    Email: Nicole_mouakar@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing motion was filed with the Clerk of Court electronically by using the CM/ECF system that will send automatically a notice of electronic filing to Assistant United States Attorney, Sean Shecter, this 16th day of December 2019.

*/s/ D. Todd Doss*
Attorney for Defendant
